IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONRADO MANUEL CORTES | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 03-08-CV-1077-M |
| | § | JURY DEMANDED |
| DISTRIBUIDORA MONTERREY CORP., and ERNESTO CHAVEZ, | § § § | |
| Defendants. | § | |

### PLAINTIFF'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS AND BRIEF IN SUPPORT

Plaintiff, Conrado Manuel Cortes ("Plaintiff" or "Cortes"), files this Motion to Dismiss Defendant's Counterclaims pursuant to Federal Rule of Civil Procedure 12(b)(1) and respectfully shows the Court as follows:

**I.     Motion to Dismiss**

1.     On June 26, 2008, as amended on June 27, 2008, Plaintiff initiated this action to remedy Defendants' intentional violation of the Fair Labor Standards Act, 29 U.S.C. § 200 *et seq*. Specifically, Plaintiff asserts that Defendants paid him at an hourly rate that was less than the applicable federal minimum wage of $5.15 per hour before July 24, 2007 and $5.85 per hour after that date, and failed to compensate him at time and a half his regular wage for all hours that he worked over forty hours a week.  Plaintiff also complained that Defendants retaliated against him because they unlawfully terminated him for complaining about Defendants' failure to compensate him as required by law.

2.     On September 12, 2008, Defendants filed their Answer to Plaintiff's Complaint. Defendants asserted counterclaims against Plaintiff alleging claims for conversion, violation of

Texas Theft Liability Act, and breach of contract [Docket No. 8, ¶¶ 42-49.] Specifically, Defendants allege that Plaintiff rented a room from Defendant Ernesto Chavez and that he took with him Defendant Chavez's stove, refrigerator, washer, and dryer when he left the home. [*See id.*, 38-41.] Defendants also allege that Plaintiff received payments from Defendants' customers and did not give those payments to Defendants. [*See id.*, ¶¶ 35-37.] Defendants assert their alleged claims for theft, conversion, and breach of contract against Plaintiff for the first time in this lawsuit in order to retaliate against Plaintiff for pursuing his wage claim under the FLSA.

3. The Court should dismiss Defendants' counterclaim claims because their claims for conversion, theft, and breach of contract do not arise from the same transaction or occurrence as Plaintiff's wage claims. Therefore, in order to for the Court to hear these claims, Defendant would have to show that there is an independent basis for jurisdiction over them. Defendants cannot meet this burden because Defendants' claims do not implicate a federal question and diversity of citizenship does not exist between the parties.

4. Defendants also cannot show that the Court has supplemental jurisdiction over Defendants' counterclaims because they do not arise from a common nucleus of operative facts as Plaintiff's wage claims. Therefore, the Court should grant Plaintiff's Motion and dismiss Defendants' counterclaims.

## II. Brief in Support of Motion to Dismiss

5. The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) Accordingly, Defendants bear the burden to prove that the Court has jurisdiction over their counterclaims. It is unclear from Defendants' pleading on what basis they assert that the Court has jurisdiction over their counterclaims because they failed to plead a jurisdictional basis as

required by Federal Rule of Civil Procedure 8(a).  However, regardless of the jurisdictional basis that they may later attempt to assert, Defendants' claims fail.

**A.    Defendants' Claims Are Not Compulsory Counterclaims; Rather They Are An Impermissible Attempt To Obtain A Set-Off Against Plaintiff's Award of Damages Under the FLSA.**

6.    A compulsory counterclaim may be maintained within the principal action only if "it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."  Fed. R. Civ. P. 13(a).  In *Transamerica Occidental Life Insurance Co. v. Aviation Office, Inc.*, the Fifth Circuit articulated the test for whether a claim is compulsory:

> (1) whether the issues of fact and law raised by the claim and counterclaim largely are the same; (2) whether res judicata would bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule; (3) whether substantially the same evidence will support or refute plaintiff's claim as well as the defendant's counterclaim; and (4) whether there is any logical relationship between the claim and the counterclaim.

79 F.3d 384, 389-390 (5th Cir. 1996).

7.    Defendants' counterclaims fail to satisfy any of these tests.  There is no logical relationship between Plaintiff's wage claims and Defendants' state law counterclaims.  *See Torres v. Gristede's Operating Corp.*, No. 04-3316, 2008 U.S. Dist. LEXIS 66066 (S.D.N.Y. Aug. 28, 2008) (The only connection between Plaintiff's wage claims and Defendants' faithless servant counterclaims is the employer-employee relationship and this is insufficient for Defendants' counterclaims to rise to the level of a compulsory counterclaim); *Hutton v. Grumpie's Pizza and Subs 1, Inc.*, No. 07-81228, 2008 U.S. Dist. LEXIS 37425, at *5 (M.D. Fla. May 7, 2008) ("Plaintiff's claim for denial of overtime pay and Defendants' counterclaim that Plaintiff stole money do not, as plead, appear to arise out of the same operative facts.");

8.    The only reason that Defendants assert their counterclaims herein is their mistaken belief that when found liable for violating the FLSA, they might be able to minimize

the damages owed to Plaintiff by arguing for a set-off in Defendants' favor based upon actions wholly unrelated to the hours Plaintiff worked or the rate at which Defendants paid Plaintiff.

9. The Fifth Circuit has squarely rejected the notion that a defendant is entitled to a set-off against back pay awarded under the FLSA. *See Brennan v. Heard*, 491 F.2d 1, 4, (5th Cir. 1974). In *Brennan,* the Fifth Circuit held that it is inappropriate for a defendant to seek a set-off against a damages award in any proceeding brought to enforce the FLSA minimum wage and overtime provisions because a set-off would deprive an employee of the "cash in hand" contemplated by the FLSA. The Fifth Circuit explained:

> The federal courts were not designated by the FLSA to be either creditor collection agents or arbitrators for an employee's creditors. Their sole function and duty under the Act is to assure to the employee of a covered company a minimum level of wages. Arguments and disputations over claims against those wages are foreign to the genesis, history, interpretation, and philosophy of the [FLSA]. The only economic feud contemplated by the FLSA involves the employer's obedience to minimum wage and overtime standards. To clutter these proceedings with the minutiae of other employer-employee relationships would be antithetical to the purpose of the [FLSA].

10. Defendants' counterclaims are exactly the kinds of claims that are prohibited by the Fifth Circuit's holding in *Brennan*. The disputes that arose in the landlord-tenant relationship between Plaintiff and Defendants, and the dispute over whether Plaintiff turned over to Defendants all of the funds that he carried from Defendants' customers to Defendant are wholly unrelated to Defendants' obligation to pay Plaintiff under the minimum wage and overtime standards required by the FLSA.

**B.    There Is No Independent Basis for Jurisdiction Over Defendants' Counterclaims.**

11. If a counterclaim is permissive rather than compulsory, the court must find an independent jurisdictional basis, such as a federal question or diversity jurisdiction, for the counterclaim to proceed in federal court. *See Zurn Ind., Inc. v. City of Garland, Texas*, 847 F.2d 234, 237 (5th Cir. 1998).

12. It is undisputed that there is no diversity of citizenship between the parties. [Docket Entry No. 8, ¶¶, 2-4.] (Defendants admit Plaintiff's allegations that all parties are residents of Texas). Defendants' counterclaims do not implicate a federal question because their claims arise under state law. [*See id*., ¶¶ 42-49.] (Defendants assert Texas state law claims for breach of contract and conversion and a claim for violation of the Texas Theft Act). Therefore, the Court does not have an independent basis for jurisdiction over Defendants' counterclaims. *See e.g. Hutton*, 2008 U.S. Dist. LEXIS 37425, at *5 (Court did not have independent basis for Defendants' violation of the Florida Civil Theft Statute counterclaims in FLSA lawsuit).

**C.     The Court Lacks Supplemental Jurisdiction over Defendants' Counterclaims**

14. Supplemental jurisdiction exists over all claims in a civil action that are "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a); *State Nat'l Ins. Co., Inc. v. Calvin-Yates,* 391 F.3d 577, 579 (5th Cir. 2004). "Two claims form part of the same case or controversy when they derive from a common nucleus of operative fact." *Davis v. Dep't of Health and Hospitals*, No. 05-30465, 2006 U.S. App. LEXIS 18738, at *4 (5th Cir. July 26, 2006).

15. The Court does not have supplemental jurisdiction over Defendants' counterclaims because there is no common nucleus of operative facts between Plaintiff's wage claims and Defendant's theft, conversion, and breach of contract claims. *See Mansfield v. Castaways Backwater Café, Inc.*, No. 07-40, 2008 U.S. Dist. LEXIS 51483, at *3 (M.D. Fla. July 7, 2008) (in FLSA lawsuit, court does not have supplemental jurisdiction over Defendants' counterclaim against employee for failure to pay loan). The only facts that are relevant to Plaintiff's wage claims are the hours Plaintiff worked and the rate at which Defendants compensated Plaintiff.

These facts have no bearing on Defendants' counterclaims. *See e.g. Bullion v. Ramsaran*, No. 07-61463, 2008 U.S. Dist. LEXIS 65833, at *6 (S.D. Fla. June 7, 2008) (operative facts relevant to Plaintiff's FLSA claim, namely hours worked and wages paid, do not overlap with operative facts relevant to counterclaim, namely quality of work and Plaintiff's liability for reimbursing employer for damage). Therefore, the Court does not have supplemental jurisdiction over Defendants' counterclaims.

### III. Conclusion

16. The Court should grant Plaintiff's motion pursuant to Federal Rule of Civil Procedure 12(b)(1) and dismiss Defendants' counterclaims because the Court does not have jurisdiction over such claims. Defendants' counterclaims are not compulsory because courts consistently hold that an employee's wage claims asserted under the FLSA does not arise out of the same transaction as an employer's state law counterclaims that are unrelated to the hours the employee worked and the rate at which the employer paid the employee. In fact, the Fifth Circuit squarely rejected the notion that an employer has a right of set-off against an award of damages when an employer is found to violate the FLSA. Because the counterclaims are not compulsory, Defendants would have to show an independent basis for the Court to assert jurisdiction over Defendants' state law counterclaims. Defendants cannot satisfy that burden because it is uncontested that diversity of citizenship does not exist between the parties.

17. The Court does not have supplemental jurisdiction over Defendants' counterclaims because they do not arise out of a common nucleus of operative facts. The fact that Defendants employed Plaintiff is the only fact that overlaps with Defendants' breach of contract and conversion counterclaims and that single fact is insufficient for the Court to find a common nucleus of operative facts. There are no facts that overlap between Defendants' theft

counterclaim and Plaintiff's wage claims.

18. Therefore, Plaintiff respectfully requests that the Court dismiss Defendants' counterclaims and grant Plaintiff all other relief available at law and in equity.

        Respectfully submitted,

        s/Maricela Siewczynski
        Maricela Siewczynski
        Texas Bar No. 24032753
        Aaron Ramirez
        Texas Bar No. 24027644

        Ramirez Siewczynski Law Firm PLLC
        6318 Gaston Avenue, Ste. 201
        Dallas, Texas 75214
        Telephone: (214) 634-9990
        Facsimile:  (214) 634-9991
        Electronic mail:  aaron@texemploymentlaw.com
        Electronic mail:  maricela@texemploymentlaw.com

        Counsel for Plaintiff

## Certificate of Service

On September 30, 2008, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case files system of the court.  I hereby certify that I have served all counsel and/or pro se parties of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

        s/Maricela Siewczynski
        Maricela Siewczynski