IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CONRADO MANUEL CORTES | § | |
| Plaintiff, | § § § | |
| | § | No. 3:08-CV-1077-M |
| v. | § § | |
| DISTRIBUIDORA MONTERREY CORP., and ERNESTO CHAVEZ, | § § § § | |
| Defendants. | § § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Conrado Manuel Cortes' Motion to Dismiss Defendants' Counterclaims [Docket Entry #9]. For the reasons stated below, the Motion is **GRANTED**.

*Factual Background*

On June 26, 2008, Plaintiff filed a Complaint under the Fair Labor Standards Act ("FLSA"), alleging that Defendants Distribuidora Monterrey Corp. and its president, Ernesto Chavez, paid him at an hourly rate less than the required federal minimum wage. Cortes also asserts that Distribuidora failed to compensate him at time-and-a-half for his overtime hours. On September 12, 2008, Defendants filed an Answer, asserting counterclaims for conversion, violation of the Texas Theft Liability Act and breach of contract. Defendants alleged that Cortes rented a room from Defendant Chavez and that he took with him Chavez's stove, refrigerator, washer, and dryer when he left the rental property. Defendants also allege that Cortes failed to remit payments he collected from Distribuidora's customers, breaching an implied contract. On September 30, 2008, Plaintiff filed a Motion to Dismiss the Counterclaims for lack of subject matter jurisdiction. Defendants did not respond to the Motion.

1

*Legal Standard*

Federal courts are courts of limited jurisdiction, and must have statutory or constitutional power to adjudicate a claim.[1] Absent jurisdiction conferred by statute or by the Constitution, they lack the power to hear a case, and must dismiss an action if subject matter jurisdiction is lacking.[2]

There are two different kinds of counterclaims: compulsory and permissive.[3] A compulsory counterclaim arises from the same transaction or occurrence as the plaintiff's claim, and must be brought in the same suit or it will be subsequently barred.[4] Because it arises out of the same transaction or occurrence as the original suit, a compulsory counterclaim need not have an independent jurisdictional basis.[5] A permissive counterclaim is one that is between the same parties as the original claim, but does not arise out of the same transaction or occurrence.[6] Unlike a compulsory counterclaim, a permissive counterclaim must have an independent jurisdictional basis.[7]

*Analysis*

Cortes argues that the Court lacks subject matter jurisdiction over the counterclaims because they are permissive, rather than compulsory, and there is no independent jurisdictional basis for them.

1. Distribuidora's Counterclaims Are Permissive, Not Compulsory

The Court concludes that Defendants' counterclaims are permissive, not compulsory. There are several bases for the finding that the claim and the counterclaim do not arise out of the

---

[1] *See Home Builders Ass'n, Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).
[2] *Id*.
[3] FED. R. CIV. P. 13.
[4] *Id*. (compulsory counterclaim "must" be brought in same suit as original claim).
[5] *Plant v. Blazer Financial Services, Inc. of Georgia*, 598 F.2d 1357, 1359-60 (5th Cir. 1979).
[6] FED. R. CIV. P. 13(B).
[7] *Plant*, 598 F.2d at 1359.

same transaction or occurrence. Cortes' FLSA claims center on Defendants' compensation practices. Defendants' counterclaims under Texas state law are not related to these practices; rather, they focus on unrelated allegations of conversion, theft, and breach of contract. Further, these counterclaims would not be barred by *res judicata* if brought in a later suit, because they do not involve the same claim or cause of action as the FSLA claim. In addition, the evidence needed to prove the FLSA violation is also entirely different from the evidence needed to prove the counterclaims. To prove his FSLA claim, Cortes will need to present evidence showing the number of hours he worked and how much Distribuidora paid him. To prove the counterclaims, Defendants will need to show evidence of a landlord/tenant relationship between Cortes and Chavez, as well as proof of damages. Distribuidora will need to present evidence showing that Cortes collected payments from its customers, and that Cortes failed to remit those payments. In short, proving the counterclaims will require entirely different evidence from that required to prove Plaintiff's allegations. Thus, the Court concludes that the counterclaims are not compulsory.

2. The Court Lacks an Independent Basis for Subject Matter Jurisdiction

Because the counterclaims are permissive, the Court needs an independent basis for subject matter jurisdiction to entertain them. There is no such basis, and thus the Court has no subject matter jurisdiction over the counterclaim.

*Conclusion*

For the reasons stated above, the Motion is **GRANTED**, and the Defendants' Counterclaims are **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

December 11, 2008.

*[signature]*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**